UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Esteban Sanchez Diaz,

       Defendant.

Criminal No. 11-78(5) (JNE/JSM)
Civil No. 13-542 (JNE)
ORDER

      Esteban Sanchez Diaz pleaded guilty to conspiracy to distribute 50 grams or more of actual methamphetamine. The Court sentenced him to 125 months' imprisonment. Diaz did not appeal. The case is before the Court on Diaz's motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2255 (Supp. V 2011). In his § 2255 motion, Diaz asserted three claims: (1) he did not knowingly and voluntarily plead guilty because of ineffective assistance of counsel; (2) his attorney was ineffective by failing to object to the decision not to appoint substitute counsel; and (3) his attorney failed to comply with Diaz's instruction to file a notice of appeal. Because the record conclusively shows that the first two claims do not warrant relief, the Court rejects them without an evidentiary hearing. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). An evidentiary hearing is required to resolve Diaz's third claim.

      Diaz claimed that he did not knowingly and voluntarily plead guilty because of ineffective assistance of counsel. According to Diaz, his attorney "failed to explain that, by pleading guilty, Diaz was stipulating to an attributable drug weight that far exceeded his actual involvement." To establish a claim of ineffective assistance of counsel in the context of a guilty plea, a defendant must show that counsel's performance was deficient according to the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and "that, but for counsel's

1

errors, he would not have pleaded guilty but would have instead proceeded to trial." *United States v. Nesgoda*, 559 F.3d 867, 870 (8th Cir. 2009) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Here, the plea agreement recited the statutory minimum and maximum sentences, as well as the parties' calculation of the guideline range of imprisonment. In their calculation, the parties agreed "that the base offense level for this violation is 34 (at least 150 grams but less than 500 grams of actual methamphetamine)." When Diaz pleaded guilty, he acknowledged the amount of actual methamphetamine set forth in the plea agreement.[1] He stated that he had reviewed the plea agreement, that he had had enough time to talk with his attorney, and that nobody had pressured him to plead guilty. The presentence investigation report calculated the guideline range of imprisonment based on the stipulated range of actual methamphetamine. At sentencing, Diaz did not object to use of the stipulated range. In fact, he testified that he had distributed several ounces of methamphetamine on several occasions. On this record, Diaz has not shown that his attorney's performance was deficient. He also failed to show that, but for his attorney's alleged errors, he would not have pleaded guilty. The Court therefore rejects Diaz's claim that he did not knowingly and voluntarily plead guilty because of ineffective assistance of counsel. *See United States v. Davis*, 508 F.3d 461, 463 (8th Cir. 2007).

Next, Diaz claimed that he received ineffective assistance of counsel because his attorney failed to object to the Court's refusal to appoint substitute counsel. "'Appointment of new counsel is warranted only when the defendant demonstrates justifiable dissatisfaction with his appointed attorney.'" *United States v. Buck*, 661 F.3d 364, 372 (8th Cir. 2011) (quoting *United*

---

[1] At a hearing on August 10, 2011, Diaz acknowledged that the parties had calculated the guideline range based on an amount of actual methamphetamine of at least 150 but less than 500 grams. Two days later, Diaz pleaded guilty. At the August 12 hearing, Diaz acknowledged that the parties had calculated a base offense level of 34, which corresponds to at least 150 but less than 500 grams of actual methamphetamine.

*States v. Barrow*, 287 F.3d 733, 737 (8th Cir. 2002)), *cert. denied*, 132 S. Ct. 2448 (2012). "Justifiable dissatisfaction can arise from irreconcilable conflict, a complete breakdown in communication, or any other factor interfering significantly with an attorney's ability to provide zealous representation, but it is not established merely by a defendant's frustration with counsel's performance or disagreement with his tactical decisions." *United States v. Boone*, 437 F.3d 829, 839 (8th Cir. 2006). Diaz appeared before the Court on August 10, 2011. The Court understood that Diaz intended to plead guilty. At the hearing, he asked for another attorney. The Court engaged in an extensive inquiry of the reasons why Diaz had requested another attorney. None warranted the appointment of substitute counsel. Ultimately, the Court did not allow Diaz to plead guilty on August 10. At the end of the hearing, Diaz agreed to meet with his attorney and the prosecutor to discuss the plea agreement. Two days later, Diaz appeared before the Court and pleaded guilty. At the August 12 hearing, Diaz indicated that he was ready to proceed, that he was comfortable going ahead with his change of plea, that his attorney was doing a good job, and that he had had enough time to talk with his attorney. Diaz has not demonstrated that he received ineffective assistance of counsel based on his attorney's failure to object to the Court's refusal to appoint substitute counsel. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam) ("[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance.").

Finally, Diaz claimed that he received ineffective assistance of counsel because his attorney failed to file a notice of appeal after Diaz had instructed his attorney to file one. In a declaration, Diaz stated that "he informed [his attorney] through an interpreter that [he] wished to appeal [his] sentence." In response, the government submitted an affidavit from the attorney. According to the attorney, Diaz "never informed [the attorney] through an interpreter that [Diaz]

wished to appeal his sentence." The government also requested a hearing to resolve this dispute. The Court concludes that an evidentiary hearing is warranted to resolve this claim of ineffective assistance of counsel. *See Watson v. United States*, 493 F.3d 960, 963-64 (8th Cir. 2007); *United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001); *Estes v. United States*, 883 F.2d 645, 648-49 (8th Cir. 1989). The Court appoints the Office of the Federal Defender to represent Diaz. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The parties shall contact the undersigned's courtroom deputy to schedule the evidentiary hearing.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The parties shall contact the undersigned's courtroom deputy to schedule an evidentiary hearing on Diaz's claim that his attorney failed to file a notice of appeal.

2. The Office of the Federal Defender for the District of Minnesota is appointed to represent Diaz.

Dated: April 16, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge