UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-CR-0078(5) (JNE/JSM) |
| Plaintiff, | |
| v. | ORDER |
| ESTEBAN SANCHEZ DIAZ, | |
| Defendant. | |

---

On February 24, 2011, defendant Esteban Sanchez Diaz was indicted on one count of conspiracy to distribute methamphetamine. *See* ECF No. 1. Diaz was arrested four days later. At the time of his arrest, Diaz was in possession of a vehicle owned by Sanchez Mario Rojas.[1] This vehicle was confiscated at the time of Diaz's arrest and later declared forfeited by the government pursuant to 18 U.S.C. § 983.

This matter is before the Court on Diaz's motions to set aside the forfeiture of Rojas's vehicle. *See* ECF Nos. 369 & 380. Under 18 U.S.C. § 983(e), "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property . . . ." Diaz's motions fail for the simple reason that he has not so much as alleged that he has an "interest in the property," as required by § 983(e). *Cf. United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1014 (8th Cir. 2003) (discussing statutory standing in context of § 983). In fact, Diaz freely admits in the documents he has filed with the

---

[1] The government refers to the owner of the vehicle as "Mario Rojas Sanchez." ECF No. 371 at 2. The Court uses the name provided by Diaz. *See* ECF No. 380 at 2.

Court that Rojas was the "owner of the car."[2] ECF No. 380 at 2.  As such, even if Diaz did not receive the required notice, he lacks standing to set aside the forfeiture, as he possesses no property interest — legal, nominal, or otherwise — in the forfeited vehicle.  Accordingly, Diaz's motions to set aside the forfeiture must be denied.

Finally, Diaz previously moved for an extension of time to file a reply to the government's response to his first motion to set aside the forfeiture.  *See* ECF No. 379.  A week after requesting this extension of time, however, Diaz filed his second motion to set aside the forfeited property, which in part replies to the government's response to his first motion.  *See* ECF No. 380.  Diaz's motion for an extension of time therefore appears to now be moot, and it is denied on that basis.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Esteban Sanchez Diaz's motions to set aside the forfeiture [ECF Nos. 369 & 380] are DENIED.

2. Diaz's motion for an extension [ECF No. 379] is DENIED AS MOOT.

Dated: November 25 2014              s/Joan N. Ericksen
                                     Joan N. Ericksen
                                     United States District Judge

---

[2] The government has submitted evidence demonstrating that Rojas was the owner of the vehicle in question.  *See* Alexander Decl. Ex. B (title of vehicle).  Such evidence is unnecessary here, as Diaz has failed to even allege that he had any property interest in the vehicle.  The matter can therefore be resolved on the "pleadings" filed by the parties.